Filed 6/16/21  P. v. Valadez CA4/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059333 |
| v. | (Super. Ct. No. C-78146) |
| LOUIS PALAMINO VALADEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, James Edward Rogan, Judge.  Affirmed.

Diane T. Letarte for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, A. Natasha Cortina and, Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Louis Palamino Valadez appeals from the trial court's denial of his petition for resentencing under Penal Code section 1170.95 (Petition).[1] He contends the trial court erred in denying the Petition without first issuing an order to show cause and hearing testimony. We disagree. His conviction for conspiracy to commit murder together with the jury's true finding on the multiple murder special circumstance mean the record of conviction shows defendant is not eligible for relief under section 1170.95 as a matter of law. We therefore affirm the trial court's order.

**FACTS**

Defendant was convicted by a jury in 1990 of conspiracy to commit murder, two counts of first degree murder with a multiple murder special circumstance, and eleven counts of attempted murder. Defendant was sentenced to life in prison without the possibility of parole. We set out the facts of the crimes and affirmed the convictions in *People v. Figueroa* (Jun. 30, 1992, G010268, G010371 [nonpub. opn.]).[2]

In July 2019, defendant filed the Petition. After receiving briefing from the prosecution and defendant's counsel, the trial court denied the Petition, finding defendant had failed to make a prima facie case for relief. In denying the Petition, the trial court concluded defendant was not eligible for resentencing because the record of conviction demonstrated he was not convicted of felony murder or murder under a natural and probable consequence theory. The court specifically relied on the jury's conviction of the defendant for conspiracy to commit murder, the jury's true finding on the multiple murder special circumstance, and the corresponding jury instructions, which each required a finding of intent to kill.

Defendant timely appealed.

---

[1] All further statutory references are to the Penal Code.

[2] Defendant drew his summary of the facts "essentially verbatim" from our opinion and attached a copy of it to his resentencing petition.

## DISCUSSION

Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It accomplished that purpose by substantively amending sections 188 and 189 and adding section 1170.95.

Under section 188, subdivision (a)(3), as amended, "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." And under section 189, as amended, to be liable for murder based on felony murder or a natural and probable consequences theory, a person must fall into one of the following categories of people: (1) the actual killer; (2) although not the actual killer, a person who intended to kill and assisted the actual killer in the commission of first degree murder; or (3) a major participant in the underlying felony who acted with reckless indifference to human life. (§ 189, subd. (e).)

Persons convicted of felony murder or murder under a natural and probable consequences theory may seek resentencing pursuant to section 1170.95. (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.) The process begins by the person filing "a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts." (§ 1170.95, subd. (a).) Next, the trial court examines whether the petition is facially sufficient to show eligibility for relief. (§ 1170.95, subd. (b)(2); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329, review granted March 18, 2020, S260493.)

If the petitioner makes this facial showing of eligibility, the court reviews readily ascertainable information, such as the record of conviction, to determine if the petitioner is ineligible for relief as a matter of law. (*People v. Verdugo, supra*, 44 Cal.App.5th at pp. 329-330; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137, review

3

granted March 18, 2020, S260598 [to evaluate prima facie showing, trial court may rely on record of conviction, including appellate opinion concerning underlying conviction].) "[I]f the petitioner's ineligibility for resentencing under section 1170.95 is not established as a matter of law by the record of conviction, the court must direct the prosecutor to file a response to the petition, permit the petitioner (through appointed counsel if requested) to file a reply and then determine, with the benefit of the parties' briefing and analysis, whether the petitioner has made a prima facie showing he or she is entitled to relief." (*Verdugo,* at p. 330.)  Following briefing, if the trial court is convinced the petitioner has established a prima facie case of entitlement to relief, the court must issue an order to show cause, and hold a full hearing on the issue.  (§ 1170.95, subds. (c) & (d)(1).)

The beginning and the end of this appeal lies in the instructions given to the jury and the jury's conviction of the defendant for conspiracy to commit murder and true finding on the multiple murder special circumstance.

Conspiracy to commit murder requires an intent to kill.  (*People v. Swain* (1996) 12 Cal.4th 593, 607.)  Consistent with this requirement, the jury was instructed using CALJIC 3.31, which includes the following relevant language:  "The crime of conspiracy requires the specific intent to commit the crime of murder"; and with CALJIC 6.10, which includes the following relevant language:  "A conspiracy is an agreement entered into between two or more persons with the specific intent to agree to commit the public offense of murder and with the further specific intent to commit such offense, followed by an overt act committed in this state by one [or more] of the parties for the purpose of accomplishing the object of the agreement."

The multiple murder special circumstance also requires an intent to kill. (*People v. Covarrubias* (2016) 1 Cal.5th 838, 928.)  Again, consistent with this requirement, the jury was instructed using CALJIC 8.80, which includes the following relevant language:  "If you find beyond a reasonable doubt that the defendant was a co-conspirator or an aider or abettor, but you are unable to decide which, then you must also

4

find beyond a reasonable doubt that the defendant intended either to kill a human being or to aid another in the killing of a human being in order to find the special circumstance to be true."

The jury convicted defendant of conspiracy to commit murder and found the multiple murder special circumstance to be true as to defendant. Thus, given the jury instruction language, it must have concluded defendant possessed the specific intent to kill. This makes defendant ineligible for resentencing as a matter of law.

Relief under section 1170.95 is available only to those "'convicted of felony murder or murder under a natural and probable consequence theory . . . .'" (*People v. Martinez, supra*, 31 Cal.App.5th at p. 723.) The record of conviction definitively shows defendant is not such a person. Accordingly, the trial court correctly determined defendant was not eligible for relief under section 1170.95 as a matter of law. It follows the court did not err by dismissing the Petition without first issuing an order to show cause. (*People v. Verdugo, supra*, 44 Cal.App.5th at p. 330.)

### DISPOSITION

The order is affirmed.


THOMPSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOETHALS, J.

5